**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Winthrop Resources Corporation,
a Minnesota corporation

Plaintiff,

v.

Anastasi Construction Company, Inc.,
A California corporation, and
Wayne G. Anastasi, and individual

Defendants.

Court File No.: CV 01-787 PAM/SRN

**STIPULATION AND ORDER PERMITTING DEFENDANTS ANASTASI CONSTRUCTION COMPANY, INC., AND WAYNE G. ANASTASI TO AMEND ANSWER**

---

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Winthrop Resources Corporation and Defendants Anastasi Construction Company, Inc. and Wayne G. Anastasi, through their respective attorneys, pursuant to Rule 15 of the Rules of Civil Procedure and Local Rule 15.1, that Defendants Anastasi Construction Company, Inc. and Wayne G. Anastasi may file an Amended Answer with the Clerk of Court in the form as set forth herein as Exhibit A.

**HELLMUTH & JOHNSON, PLLC**

Dated: November 20, 2001.

By: [signature]
Peter E. Hintz, ID#193574
10400 Viking Drive, Suite 560
Eden Prairie, Minnesota 55344
Telephone: (952) 941-4005
**Attorneys for Defendants**
**Anastasi Construction Company, Inc.**
**and Wayne G. Anastasi**

NOV 26 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**WINTHROP & WEINSTINE, P.A.**

Dated: November 19th, 2001.

By: Matthew R. McBride

Robert R. Weinstine, ID#115435
Matthew R. McBride, ID#261981
3200 Minnesota World Trade Center
30 East Seventh Street
St. Paul, Minnesota 55101
Telephone: (651) 290-8400
**Attorneys for Plaintiff**
**Winthrop Resources Corporation**

**ORDER**

Based on the above Stipulation of counsel, and all files and proceedings herein, the Court being fully advised of the premises, does hereby order:

1. That Defendants, Anastasi Construction Company, Inc. and Wayne G. Anastasi, may file with the Clerk of Court an Amended Answer as set forth in Exhibit A, attached hereto.

Dated: November 26, 2001.

By: Susan Richard Nelson

The Honorable Susan Richard Nelson
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Winthrop Resources Corporation,
a Minnesota corporation

Plaintiff,

Court File No.: CV 01-787 PAM/SRN

v.

**AMENDED ANSWER OF DEFENDANTS ANASTASI CONSTRUCTION COMPANY, INC., AND WAYNE G. ANASTASI**

Anastasi Construction Company, Inc.,
A California corporation, and
Wayne G. Anastasi, and individual

Defendants.

---

Defendants Anastasi Construction Company, Inc. ("ACC") and Wayne G. Anastasi ("Mr. Anastasi"), jointly referred to herein as "Defendants," as and for their Amended Answer to Plaintiff's Complaint ("Complaint"), deny each and every allegation in said Complaint unless otherwise admitted or qualified herein, and state and allege as follows:

1. With respect to the Introduction in Plaintiff's Complaint: Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments regarding Plaintiff's business practices and procedures. Defendants admit that ACC agreed to lease certain equipment from Plaintiff and later assigned its rights to Executive TeleCards, Inc. Defendants deny that none of their obligations were assigned to or assumed by Executive TeleCards, Inc. Defendants deny that Wayne G. Anastasi has "at all times guaranteed the lease payments," and further affirmatively allege that the referenced Personal Lease Guaranty is unenforceable. Defendants deny that ACC failed to pay amounts due under the Lease, and affirmatively allege that ACC has on multiple occasions tendered payment to Plaintiff which Plaintiff has refused. Defendants deny that they are in default under the Lease.

2. With respect to the averments contained in Paragraphs 1 through 33 of the Complaint, Defendants affirmatively allege that Plaintiff's requested relief is premature, not ripe, and that all such counts and alleged causes of action must be dismissed or held in abeyance until such time as Plaintiff has mitigated its damages and repossessed the Equipment, currently thought to be located in Cypress, Greece.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraph 1 of the Complaint.

4. Defendants admit the averments contained in Paragraphs 2 and 3 of the Complaint.

5. Defendants deny the averments in Paragraphs 4 and 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments in Paragraphs 6 and 7 of the Complaint.

7. With respect to Paragraph 8 of the Complaint, Defendants admit that a contractual relationship was formed, but deny Plaintiff's characterization of the leased items as "substantial.'

8. With respect to Paragraph 9 of the Complaint, Defendants admit that a lease was signed, but deny that the date of the lease was January 13, 1998.

9. With respect to Paragraph 10 Complaint, Defendants deny that a Personal Lease Guaranty was signed on January 13, 1998, and further affirmatively allege that the referenced Personal Lease Guaranty is unenforceable.

10. With respect to Paragraph 11 of the Complaint, Defendants deny that none of their obligations were assigned to or assumed by Executive TeleCards, Inc.

11. Defendants deny the averments contained in Paragraphs 12, 13, 14, 15 and 16 of the Complaint on the basis that they state legal conclusions, and affirmatively allege that the Lease speaks for itself.

12. With respect to Paragraph 17 of the Complaint, Defendants deny that ACC has "failed to pay monthly lease charges pursuant to invoices since November, 2000" and affirmatively allege that ACC has on multiple occasions tendered payment to Plaintiff which Plaintiff has refused.

13. Defendants deny the averments contained in Paragraph 18 of the Complaint.

14. Defendants neither admit nor deny the averments in Paragraph 19 because they do not require a response.

15. Defendants deny the averments contained in Paragraph 20 of the Complaint.

16. Defendants neither admit nor deny the averments in Paragraph 21 because they do not require a response.

17. With respect to Paragraph 22 of the Complaint, Defendants admit that a lease was signed, but deny that the date of the lease was January 13, 1998.

18. Defendants deny the averments of Paragraph 23, and affirmatively allege that ACC has on multiple occasions tendered payment to Plaintiff which Plaintiff has refused.

19. Defendants deny the averments contained in Paragraphs 24 and 25 of the Complaint.

20. Defendants neither admit nor deny the averments in Paragraph 26 because they do not require a response.

21. With respect to Paragraph 27 of the Complaint, Defendants deny that a Personal Lease Guaranty was signed on January 13, 1998, and further affirmatively allege that the referenced Personal Lease Guaranty is unenforceable.

22. Defendants deny Paragraph 28 of the Complaint on the basis that its states legal conclusions, and affirmatively allege that any contractual documents upon with Plaintiff purports to rely herein speak for themselves. Defendants also deny that "there was a failure of Guarantor to pay all sums due and owing under and pursuant to the terms of the Lease and Guaranty" and affirmatively allege that payment has been tendered to Plaintiff on multiple occasions but that Plaintiff has failed and refused to accept such tenders.

23. Defendants deny the averments contained in Paragraph 29 of the Complaint.

24. Defendants neither admit nor deny the averments in Paragraphs 30 and 31 because they do not require a response.

25. Defendants deny the averments contained in Paragraphs 32 and 33 of the Complaint.

26. Defendants neither admit nor deny the averments in Paragraph 34 because they do not require a response.

27. With respect to Count V of Plaintiff's Complaint, Defendants affirmatively allege and defend that pursuant to Minnesota Statutes section 565.21 et seq. actions for Writs in "Replevin" were abolished in 1979. Defendants further affirmatively allege and defend that venue is improper pursuant to Minnesota Statutes section 542.06, which requires all actions to recover personal property to be tried in the county in which the property is situated. Defendants believe the Equipment in question to be presently located in Cypress, Greece. Defendants further affirmatively allege and defend that that this Court has no jurisdiction to order the return

of personal property situated in Greece. Defendants further affirmatively allege and defend that Plaintiff has elected its remedy in seeking a claim and delivery action, and must first repossess the equipment and mitigate its own damages prior to seeking a deficiency judgment against Defendants. Defendants further affirmatively allege and defend that Plaintiff has no cause of action against Defendants for claim and delivery in connection with the equipment pursuant to Minnesota Statutes section 565.23, Subdivision 1(c) because Defendants do not, and Plaintiff is fully aware that Defendants do not, possess the Equipment in question. Defendants further affirmatively allege and defend that, pursuant to the Assignment and Assumption Agreement drafted by Plaintiff, Defendants have no present or immediate right of possession over the Equipment and no legal right to repossess it from Assignee Executive TeleCards, Inc. The right to repossess the Equipment rests solely with Plaintiff, who has failed make Executive TeleCards, Inc. a party to this action or properly seek repossession of the equipment from Executive TeleCards, Inc. prior to commencing this action for damages. All personal causes of action against Defendants herein must be dismissed as premature and not ripe, and Plaintiff must follow its elected remedy by first repossessing the equipment and disposing of it to establish and mitigate its actual damages, if any. Since venue for Plaintiff's claim and delivery action is improper and this court has no jurisdiction over property not located in Minnesota, Plaintiff's entire action should be dismissed until such time that it has completed its claim and delivery action and disposed of the equipment.

28. Defendants deny the averments contained in Paragraph 35 of the Complaint.

29. Defendants deny the averments contained in Paragraphs 36 and 37 of the Complaint, and affirmatively allege that Defendants do not possess or control the Equipment, nor

any right to or means of attaining immediate possession. Defendants further deny that ACC has "unlawfully used and detained" the equipment.

## AFFIRMATIVE DEFENSES

Without assuming the burden proof as to any matter on which Plaintiff bear such burden, Defendants allege the following defenses:

1. The Complaint fails to state a claim upon which relief may be granted against Defendants.

2. Upon information and belief, some or all of Plaintiff's claims may be barred in whole or part by the doctrine of laches, waiver, estoppel, unclean hands or other equitable doctrines.

3. Plaintiff failed to take reasonable steps to protect itself from the damages alleged in the Complaint and has failed to mitigate its alleged damages.

4. This Court lacks subject matter and personal jurisdiction over this action.

5. Plaintiff has failed to join an indispensable party.

6. Process and service of process of Plaintiff's Complaint were insufficient as a matter of law.

7. Venue is improper pursuant to Minnesota Statutes section 542.06 and other applicable law.

8. This Court has no jurisdiction to order the return of personal property situated in Greece.

9. Plaintiff has elected its remedy in seeking repossession of the Equipment.

10. Plaintiff has no cause of action against Defendants for claim and delivery or repossession in connection with the equipment pursuant to Minnesota Statutes section 565.23.

11. Defendants have no present or immediate right of possession over the Equipment.

12. Plaintiff's asserted claims and causes of action against Defendants are premature and not ripe.

13. Plaintiff's claims, in whole or in part, are barred by novation.

14. Plaintiff's claims, in whole or in part, are barred by delegation.

15. Plaintiff's claims, in whole or in part, are barred by frustration of purpose.

16. Plaintiff's claims, in whole or in part, are barred by impossibility.

17. Plaintiff's claims, in whole or in part, are barred by impracticability.

**WHEREFORE**, Defendants Anastasi Construction Company, Inc., and Wayne G. Anastasi pray for the Order and Judgment of this Court in their favor against Plaintiff as follows:

1. Dismissing all pretended causes of action against Defendants with prejudice and on the merits;

2. Awarding Defendants their reasonable attorneys' fees, costs and disbursements herein; and

3. Awarding Defendants such other and further relief as the Court deems just and equitable.

**HELLMUTH & JOHNSON, PLLC**

Dated: November 13, 2001

By:____________________________

Peter E. Hintz, ID#193574
10400 Viking Drive, Suite 560
Eden Prairie, Minnesota 55344
Telephone: (952) 941-4005
**Attorneys for Defendants**
**Anastasi Construction Company, Inc.**
**and Wayne G. Anastasi**